# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEVEN A. SHREWSBURY,**
**Claimant Below, Petitioner**

**FILED**
May 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1079** (BOR Appeal No. 2047039)
(Claim No. 2010116018)

**A T MASSEY COAL COMPANY INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Steven A. Shrewsbury, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A T Massey Coal Company, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2012, in which the Board affirmed a March 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 12, 2011, decision denying Mr. Shrewsbury's request for authorization of a lumbar spinal fusion at L5-S1. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shrewsbury was employed as a coal miner by A T Massey Coal Company, Inc., on November 30, 2009, when he sustained a low back injury while lifting heavy cable. His claim was held compensable for sprain/strain of the lumbar, unspecified thoracic or lumbosacral neuritis or radiculitis, and displacement of lumbar intervertebral disc without myelopathy. Michael Kominsky, D.O. diagnosed Mr. Shrewsbury with lumbar sprain/strain and indicated that he had reached maximum medical improvement with a 8% whole person impairment on May 10, 2010. The claims administrator denied Mr. Shrewsbury's request for a lumbar spinal fusion at L5-S1.

1

The Office of Judges held that the preponderance of the credible medical evidence failed to establish that a lumbar spinal fusion at L5-S1 was reasonable and necessary. Mr. Shrewsbury disagrees and asserts that the preponderance of the evidence establishes that surgical intervention is reasonable and necessary medical treatment for the compensable injury of November 30, 2009. A T Massey Coal Company, Inc. maintains that the medical evidence demonstrates that Mr. Shrewsbury does not have a surgical operable condition and therefore, the surgery has been properly denied. Rajesh Patel, M.D., interpreted Mr. Shrewsbury's MRI as revealing spondylosis of L5 bilaterally with disc protrusions and herniations at L5-S1 on the left side and on February 25, 2011, he requested authorization for a spinal fusion surgery.

The Office of Judges determined that there were two diagnostic tests performed in regard to Mr. Shrewsbury's lumbar spine, the first MRI revealed the presence of an annular tear at L4-5. Dr. Patel interpreted the most recent MRI as showing a bulging disc at L5-S1 with left sided L4-5 disc protrusion and annular tear. However, Mr. Shrewsbury was diagnosed with minimal anterolishesis of L5 with respect to L4 and S1, and degenerative disc and joint disease at L3-4 and more pronounced at L4-5 particularly on the left side. Rebecca Thaxton, M.D., recommended against a spinal fusion surgery indicating that Mr. Shrewsbury had been found to have reached maximum medical improvement and that the most recent MRI as showing no frank disc herniation or disc extrusion. A. E. Landis, M.D., interpreted the February 18, 2011, MRI as showing degenerative disc changes at L4-5 with no evidence of disc herniation. Dr. Landis concluded that Mr. Shrewsbury had reached maximum medical improvement and characterized him as having sustained a soft tissue sprain/strain to his low back. The injury was superimposed on pre-existing degenerative changes. Dr. Landis recommended against surgical intervention to address multilevel degenerative disc changes. Dr. Patel stated that the lumbar fusion at L5-S1 disc space was necessary and related to Mr. Shrewsbury's compensable injury and noting that prior to the compensable injury Mr. Shrewsbury was relatively asymptomatic. Dr. Patel stated that there was no guarantee that Mr. Shrewsbury's symptoms would improve as a result of the surgery. The Office of Judges determined that the MRI of February 18, 2011, is the most probative diagnostic test regarding Mr. Shrewsbury's present condition and that it does not support the interpretation made by Dr. Patel that Mr. Shrewsbury has an annular tear or herniated disc. The Office of Judges held that the preponderance of the credible medical evidence failed to establish that a lumbar spinal fusion at L5-S1 is reasonable and necessary. The Board of Review reached the same reasoned conclusions in its decision of August 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified